IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | C.A. No. 18-1926 (TBD) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICAL INDUSTRIES LTD. and TARO PHARMACEUTICALS U.S.A., INC., <br><br> Defendants. | C.A. No. 17-462 (TBD) CONSOLIDATED |

**STIPULATION AND ORDER**

This Stipulation is made by and between (1) Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc. (collectively "Plaintiffs"), and (2) Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively "Teva").

WHEREAS the above-captioned case No. 18-1926-TBD involves U.S. Patent No. 9,539,218 ("the '218 patent");

WHEREAS the above-captioned consolidated lawsuit, *Bayer Intellectual Property GmbH, et al. v. Taro Pharmaceutical Industries Ltd., et al.*, No. 17-462-TBD (the "Consolidated Action"), also involves the '218 patent;

WHEREAS the above-captioned case No. 18-1926-TBD and the Consolidated Action are based on the filing of an Abbreviated New Drug Application by one or more defendants, seeking FDA approval to engage in the commercial manufacture, use, sale, and/or offer for sale of generic rivaroxaban products prior to the expiration of the '218 patent;

WHEREAS Plaintiffs and Teva have agreed that the above-captioned case No. 18-1926-TBD should be consolidated into the Consolidated Action;

WHEREAS Plaintiffs and Teva wish to stay the proceedings as against Teva;

WHEREAS Plaintiffs and Teva wish for Teva to be bound by the final judgment in the Consolidated Action; and

NOW THEREFORE, Plaintiffs and Teva, by and through their respective undersigned counsel in the above-captioned actions (No. 18-1926-TBD and the Consolidated Action), and subject to the approval of the Court, stipulate and agree as follows:

1. The above-captioned case No. 18-1926-TBD is consolidated into the Consolidated Action, No. 17-462-TBD, for all purposes.

2. The Consolidated Action will be stayed as between Plaintiffs and Teva.

3. Once this Stipulation and Proposed Order has been approved by the Court, the proceedings involving Teva are stayed until such time as final judgment is entered following actual litigation on the merits in the Consolidated Action (i.e., excluding judgment that is entered as a result of settlement, consent judgment, stipulated judgment, or other judgment or disposition that is not an actual contested decision on the merits in

the Consolidated Action). That is, Teva will not participate in the Consolidated Action, and as such will not, for example, produce any additional documents, participate in or be subject to any depositions, submit any expert reports, file any pleadings, or appear at the trial in the Consolidated Action.

4. If the Consolidated Action as to all other Defendants in the Consolidated Action is resolved by settlement or any other type of stipulated, consent, or otherwise agreed final judgment prior to the entry of a final judgment on the merits by the Court, Plaintiffs and Teva agree that the stay of the Consolidated Action as between Plaintiffs and Teva shall be lifted upon the request and motion of Plaintiffs or Teva.

5. Teva agrees to be bound by any final judgment, including any injunction, rendered in the Consolidated Action as to any other Defendant or Defendants, as if the case against Teva had not been stayed.

    a. Notwithstanding the above, any final judgment entered in the Consolidated Action concerning the issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs, shall not be entered against Plaintiffs or Teva as it pertains to the proceedings as against Teva. Plaintiffs and Teva agree to waive any claim for attorneys' fees and/or costs against the other.

6. If the Court enters a final judgment that any Defendant remaining in the Consolidated Action infringes any of the claims of the '218 patent, Teva will be held to infringe those claims as well.

7. If a final judgment regarding validity is entered in Plaintiffs' favor as to any of the other Defendants in the Consolidated Action with respect to the '218 patent, final judgment will be entered in Plaintiffs' favor and against Teva as well.

8. If a final judgment regarding validity is entered in favor of any other Defendants in the Consolidated Action with respect to the '218 patent, final judgment will be entered in Teva's favor as well.

9. Teva and Plaintiffs retain the right to file an appeal from the judgment by the District Court in the Consolidated Action and to challenge on appeal the merits of the final judgment.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
|---|---|
| /s/ *Derek J. Fahnestock* | /s/ *Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>dfahnestock@mnat.com<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc.* | Karen E. Keller (#4489)<br>David M. Fry (#5486)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br><br>*Attorney for Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.* |

March 14, 2019

SO ORDERED this 14 day of March, 2019.

_____
United States Circuit Judge, sitting by designation

4